**UNITED STATES of America,**
Plaintiff—Appellee,

v.

**Gerardo ZAMORA–ALVAREZ,**
Defendant—Appellant.

No. 05–30302.

United States Court of Appeals,
Ninth Circuit.

Submitted May 2, 2006.[*]

Decided May 4, 2006.

Lisca N. Borichewski, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff—Appellee.

Peggy Sue Juergens, Esq., Seattle, WA, for Defendant—Appellant.

Before: REINHARDT, MCKEOWN, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Gerardo Zamora–Alvarez appeals the sentence imposed on June 24, 2005, following his jury conviction for Conspiracy to Distribute Methamphetamine, Possession With Intent to Distribute Methamphetamine, and Distribution of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and 846. The district court determined that the quantity of methamphetamine attributable to Zamora–Alvarez was 2.1 kilograms—resulting in a base offense level of 34 and an advisory guidelines sentence range of 151 to 188 months—and sentenced him to a 151–month term of imprisonment. On appeal, Zamora–Alvarez argues that the district court erred in: (1) relying on the drug quantity calculation set forth in the Pre–Sentence Report ("PSR") rather than the jury's special verdict findings as to the drug amount, and (2) applying a preponderance of the evidence standard of proof to determine the drug quantity, rather than a clear and convincing evidence standard.

Zamora–Alvarez's first claim is foreclosed by *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which held that there is no Sixth Amendment violation where, as is the case here, the Guidelines are applied in an advisory manner and the judicial fact-finding does not increase the sentence beyond the statutory maximum. *See Booker*, 543 U.S. at 244, 125 S.Ct. 738; *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir.2005) (en banc).

As to his second claim, we have made clear that district courts should resolve factual disputes at sentencing by applying the preponderance of the evidence standard. *See Ameline*, 409 F.3d at 1086 (judges should use preponderance of the evidence standard in resolving factual disputes in sentencing); *United States v. Kilby*, 443 F.3d 1135, 1140 (9th Cir.2006) (same). Although we have recognized an exception to that rule in cases "where a sentencing factor would have an extremely disproportionate effect on the sentence," we have held that this exception does *not* apply to drug quantity approximations, and that the correct standard is preponderance of the evidence. *Kilby*, 443 F.3d at 1141 n. 1 (citing *United States v. Rosacker*, 314 F.3d 422, 430 (9th Cir.2002)).[1]

Zamora–Alvarez's sentence is therefore AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The government argues that, in light of the fact that the Guidelines are now advisory, "the logic supporting a clear-and-convincing standard in cases involving extremely disproportionate effects on sentencing no longer has validity." In light of our holding that the extremely disproportionate impact exception does not apply to drug quantity approximations, *see Kilby*, 443 F.3d at 1141 n. 1, we need not and do not address this question. *See Ameline*, 400 F.3d at 656 n. 7 (stating that whether *Booker* affects the standard of proof to be applied in this court's "extremely disproportionate impact" cases "is an issue we need not address at this time").